**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

RANDOLPH ARTIS,              :    Civil No. 09-0986 (RMB)
                             :
        Plaintiff,            :
                             :    **OPINION**
        v.                   :
                             :
PAUL SCHULTZ, et al.,        :
                             :
        Defendants.           :
---

**APPEARANCES:**

    RANDOLPH ARTIS, #11105-045
    Northern State Prison
    FCI Fairton
    Fairton, NJ 08320
    Plaintiff Pro Se

**BUMB**, District Judge

Randolph Artis, an inmate who is confined at FCI Fairton, submitted to the Clerk for filing a pro se Complaint with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This Court will grant Plaintiff's application to proceed in forma pauperis, assess the $350.00 filing fee against Plaintiff, and collect the fee in installment payments pursuant to 28 U.S.C. § 1915. In accordance with the requirements of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court has screened the Complaint to identify cognizable claims and will dismiss the Complaint.

**I.   BACKGROUND**

Plaintiff brings this action pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) and the Federal Tort Claims Act.  The named defendants are Warden Paul Schultz; Scott Dodrill, Northeast Regional Director of the Bureau of Prisons ("BOP"); Director of the BOP; Associate Wardens Belfonti, Maiorana, Karr and Perez; SIS Investigators Byrnes and Hanley; Disciplinary Hearing Officer Kulick; Staff Psychologist Brian Redondo; UNICOR Office Manager and Payroll Manager; Chief Psychologist Smith, and BOP Administrators Harrel Watts and Delia Ruis.

Plaintiff's 110-page submission reveals the following facts. Plaintiff has been incarcerated at FCI Fairton and employed by UNICOR since at least October 2006.  On May 18, 2007, officials placed Plaintiff in administrative detention pending the outcome of an investigation of an embezzlement scheme involving inmates working in UNICOR at FCI Fairton.  Although Plaintiff was released from administrative detention shortly thereafter, officials removed Plaintiff from his UNICOR job pending the outcome of the investigation.  On July 25, 2007, officials completed the investigation and issued an Incident Report charging Plaintiff with being overpaid $197.60, representing 76 hours of pay for unworked hours from October 2006 through April 2007, as part of the embezzlement scheme involving several

inmates.  A disciplinary hearing was conducted on August 30, 2007.  On September 12, 2007, Disciplinary Hearing Officer Kulick found that Plaintiff had committed prohibited act 328 (Receiving Anything of Value from Another Inmate), when he was overpaid 76 hours for a total of $197.60 as a result of an embezzlement scheme whereby certain inmates employed at UNICOR were overpaid 839.14 hours from October 2006 through April 2007 for time they did not work.  The hearing officer sanctioned Plaintiff with a 90-day loss of commissary privileges.  Plaintiff appealed the disciplinary sanction to the Northeast Regional Office, claiming numerous procedural violations.  Scott Dodrill, Northeast Regional Director, upheld the sanction.  Plaintiff appealed to the Central Office.  On February 20, 2008, Harrell Watts denied the appeal as follows, in relevant part:

> Our review of your disciplinary proceedings indicates substantial compliance with Program Statement 5270.07, <u>Inmate Discipline and Special Housing Units</u>.  The DHO's decision was based upon the greater weight of the evidence.  We find it reasonable for the DHO to have made this determination.  Records indicate you appeared before the DHO, were advised of your rights, and made a statement.  Although you state you did not receive any money because you reported the overpayment immediately, the investigation revealed that you admitted the overpayment only after the scam was discovered and your pay already frozen.  The decision of the DHO is appropriate and consistent with Program Statement 5270.07.  The sanctions imposed were commensurate to the severity category of the prohibited act committed.

(Response of Harrell Watts to Administrative Remedy No. 470410-A2, dated Feb. 20, 2008.)

Plaintiff submitted an administrative request to be reinstated to UNICOR.  On September 14, 2007, Warden Schultz denied the request on the ground that Plaintiff was removed from UNICOR as a result of the Incident Report due to the serious nature of the allegations, and that he would not be reinstated because the Disciplinary Hearing Officer had found him guilty of code 328.

On April 30, 2008, Plaintiff submitted an Administrative Tort Claim seeking compensatory damages of $198,618,045.56 based on an alleged taking of $197 from Plaintiff's UNICOR pay and termination of his UNICOR job.  On October 27, 2008, Henry J. Sadowski, Regional Counsel for the Northeast Regional Office of the BOP, informed Plaintiff that Sadowski would not offer a settlement:

> Investigation reveals that on May 18, 2007, you were placed in the Special Housing Unit pending an investigation regarding pay issues in UNICOR.  On September 12, 2007, the DHO found you committed a Code 328 offense, Giving receiving money or anything of value to/from another inmate or any person without staff authorization.  This offense involved fraudulent manipulation of work sheets which resulted in your receipt of unworked overtime pay.  Prior to the issuance of your final pay from UNICOR, the amount of unworked overtime pay you improperly received ($197.00) was deducted from your final pay.  There is no evidence to suggest you experienced a compensable loss as the result of negligence

>     on the part of any Bureau of Prisons'
>     employee.  Accordingly, your claim is denied.

(Mem. from Henry J. Sadowski dated Oct. 27, 2008.)

Plaintiff requested reconsideration of the claim.  On December 12, 2008, Sadowski again declined to offer a settlement:

>     Your request for reconsideration of
>     Administrative Tort Claim . . . , properly
>     received by this agency on April 30, 2008,
>     has been considered for settlement as
>     provided by the Federal Tort Claims Act
>     (FTCA) 28 U.S.C. § 2672, under authority
>     delegated to me by 28 C.F.R. § 543.30.  You
>     seek compensatory damages in the amount of
>     $198,618,045.56 for an alleged improper
>     taking of UNICOR pay.  Specifically, you
>     claim that $197.00 was taken from your
>     account in August 2007 while housed at the
>     Federal Correctional Institution (FCI)
>     Fairton, New Jersey.  After careful
>     consideration, I have decided not to offer a
>     settlement.  You provide no new information
>     that proves you suffered a loss or damage due
>     to negligence on the part of any Bureau of
>     Prisons' employee.

(Mem. from Henry Sadowski dated Dec. 12, 2008.)

Plaintiff executed the Complaint presently before this Court on February 20, 2009.  The Clerk received it on March 5, 2009.  Plaintiff asserts that defendants deprived him of UNICOR pay and loss of commissary privileges without due process of law and that he is entitled to relief under the Federal Tort Claims Act.

## II.   **STANDARD FOR DISMISSAL**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court to review a complaint in a civil action in

which a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915A(a).  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

As for failure to state a claim, the Supreme Court recently refined the standard in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  In an opinion by Justice Kennedy, the Court first noted two principles:  (1) "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution;" and (2) "[t]he factors necessary to establish a Bivens [and § 1983] violation will vary with the constitutional provision at issue." Iqbal, 129 S. Ct. at 1948.  Next, the Court rejected Iqbal's argument that, under a theory of "supervisory liability," a defendant's mere knowledge of a subordinate's discriminatory purpose amounts to purposeful discrimination under Bivens.

6

The Court then examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Court identified two working principles underlying Twombly:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . .  Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed. R. Civ. P. 8(d)(1).

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted).

This Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, the Third Circuit instructs that a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).  With these precepts in mind, the Court will determine whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III.  DISCUSSION

A.  Due Process

In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."  Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001).  The Supreme Court found an implied damages remedy available under the Fourth Amendment.  Bivens, 403 U.S. at 397.  The Supreme Court has recognized an implied damages remedy under the Due Process clause of the Fifth Amendment, Davis

v. Passman, 442 U.S. 228 (1979), and the Cruel and Unusual Punishment clause of the Eighth Amendment, Carlson v. Green, 446 U.S. 14 (1980). To state a claim for damages under Bivens, a plaintiff must show that federal officers violated his constitutional rights. See Malesko, 534 U.S. at 66.

In this case, Plaintiff asserts that he was deprived of a UNICOR job, $197.60 in pay, and 90 days of commissary privileges without due process of law guaranteed by the Fifth Amendment of the United States Constitution. The Due Process Clause of the Fifth Amendment provides: "No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. However, a person is entitled to due process of law only when government action deprives him or her of life, liberty or property. See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). To analyze a due process claim, the first step is to decide whether the person was deprived of an interest protected by due process. See Fuentes v. Shevin, 407 U.S. 67 (1972). Only if the answer is yes is the second step, i.e., determining what process is due, necessary. See Morrissey v. Brewer, 408 U.S. 471 (1972).

"[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin v. Conner, 515 U.S. 472, 478 (1995). The problem with Plaintiff's due process claims is that prisoners

have no protected liberty or property interest in commissary privileges, see Sandin, 515 U.S. at 486; Milton v. Ray, 301 Fed. App'x 130, 133 (3d Cir. 2008) (loss of commissary privileges imposed on federal inmate as disciplinary sanction "did not amount to a hardship of sufficient magnitude to implicate a liberty interest" protected by due process), retaining prison employment or receiving payment for hours admittedly not worked, see Bulger v. United States Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995) (federal inmate has no liberty or property interest in a Federal Prison Industries Job assignment); James v. Quinlan, 866 F.2d 627 (3d Cir. 1989) (same); Garza v. Miller, 688 F.2d 480, 486 (7th Cir. 1982).

Because defendants did not deprive Plaintiff of a liberty or property interest protected by due process, his due process claims fail and will be dismissed for failure to state a claim.[2]

---

[2] Even if Plaintiff had a protected interest, his due process claim would fail because there was some evidence to support the DHO's determination. See Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 456 (1985) ("the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary [officer]").

B.  Federal Tort Claims Act

Although Plaintiff's Federal Tort Claims Act ("FTCA") claim was timely [3], he is nevertheless not entitled to relief under the FTCA.  The FTCA grants a district court

> exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b); see United States v. Muniz, 374 U.S. 150 (1963); Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995).  Cognizable claims include those that are:

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, . . . [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Deutsch, 67 F.3d at 1091; see also FDIC v. Meyer, 510 U.S. 471, 477 (1994).

---

[3] A federal court lacks jurisdiction over the claim under the FTCA unless the claimant presents it in writing to the appropriate federal agency within two years of its accrual and files an action in the district court within six months after notice of the final agency decision.  See 28 U.S.C. § 2401(b); Pascale v. United States, 998 F.2d 186, 190 (3d Cir. 1993).

11

In this case, it is undisputed that (1) Plaintiff was paid for 76 hours he did not work ($197.60), and (2) officials terminated Plaintiff's UNICOR employment as a result of this overpayment. The dispute between Plaintiff and the BOP is over whether or not prison officials were negligent in failing to prevent such an overpayment.[4] However, even if prison officials negligently failed to prevent this kind of embezzlement scheme and overpayment to Plaintiff, it does not follow that Plaintiff's loss of the UNICOR job and $197.60 in salary (for the 76 hours not worked) were "caused by the negligent or wrongful act or omission of any employee of the Government," 28 U.S.C. § 1346(b). Rather, Plaintiff lost the $197.60 because he admittedly did not work the 76 hours, and he was terminated from UNICOR due to discovery of the overpayment. Plaintiff has no legal right to be paid $197.60 for time he admittedly did not work; nor does Plaintiff have any legal entitlement to continued employment at UNICOR. See 28 C.F.R. 345.34.[5] Under these circumstances, his

---

[4] The relevant BOP responses and decisions, which are attached to the Complaint, show that there is no dispute between Plaintiff and the BOP as to whether Plaintiff knowingly embezzled this money as part of an embezzlement scheme designed to defraud the BOP; the BOP merely determined that Plaintiff received money for time not worked as a result of a scheme.

[5] Section 345.34, entitled "Refusal to employ," provides:

> (a) The SOI [Superintendent of Industries] has authority to refuse an FPI [Federal Prison Industries or UNICOR] assignment to an inmate who, in the judgment of the SOI,
>                                                  (continued...)

12

tort claim based on failure to pay him $197.60 and failure to employ him in UNICOR necessarily fails.  This Court will dismiss the claim for failure to state a claim upon which relief may be granted.[6]

### III.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint.

          s/Renée Marie Bumb
          **RENÉE MARIE BUMB**
          United States District Judge

Dated: October 7, 2009

---

[5](...continued)
would constitute a serious threat to the orderly and safe operation of the FPI factory . . . .  Typically, the reasons should include other earlier (ordinarily within the past twelve months) documented violations of the FPI inmate worker standards or institution disciplinary regulations.

(b) The refusal to assign is to be rescinded when, in the judgment of the SOI, the worker no longer constitutes a serious threat to the FPI industrial operation.

28 C.F.R. § 345.34.

[6] The Court does not read Plaintiff's Complaint to allege that the BOP intentionally or deliberately overpaid him so that it could fire him on that basis.  If the Court is misreading the Complaint, Plaintiff is free to seek leave to amend pursuant to Federal Rules of Civil Procedure 15 and 59.  Plaintiff is reminded, however, that he is required to demonstrate that such claim has been administratively exhausted.