**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                              :
RANDOLPH ARTIS,               :
                              :
            Plaintiff,        :        Civil No. 09-0986 (RMB)
                              :
      v.                      :
                              :        **MEMORANDUM OPINION**
PAUL SCHULTZ, et al.,         :
                              :
            Defendants.       :
_____ :


     This matter coming before the Court upon Plaintiff's filing

an Amended Complaint, and it appearing that:

     1.  Plaintiff, a prisoner incarcerated at FCI Fairton, filed

a Complaint in forma pauperis pursuant to 28 U.S.C. § 1915

asserting violation of his constitutional rights and the Federal

Tort Claims Act ("FTCA").  Plaintiff asserted that he was

deprived of a UNICOR job, $197.60 in UNICOR salary, and 90 days

of commissary privileges without due process of law and in

violation of the FTCA.

     2.  On October 7, 2009, this Court dismissed the due process

claim on the ground that Plaintiff had no protected interest in

retaining commissary privileges, retaining prison employment, or

receiving payment for hours admittedly not worked.  This Court

dismissed the FTCA claim on the ground that the facts alleged in

the Complaint did not show that injury to Plaintiff was caused by

the negligent or wrongful act or omission of any United States

employee where the United States, if a private person, would be

liable to Plaintiff in accordance with the law of the place where

the act or omission occurred, see 28 U.S.C. § 1346(b), in that

Plaintiff has no legal right to be paid for time he did not work

and he has no legal entitlement to continued UNICOR employment.

This Court dismissed the Complaint without leave to amend, but

emphasized that it was not reading the Complaint to allege that

the Bureau of Prisons ("BOP") intentionally or deliberately

overpaid him so that it could fire him on that basis and

indicated that, if the Court had misread the Complaint, Plaintiff

was free to seek leave to amend the Complaint, pursuant to

Federal Rules of Civil Procedure 15 and 59, provided Plaintiff

could show that he has administratively exhausted this claim.

(Docket Entry #4 at p. 13 n.6.)     2.

3. On October 28, 2010, Plaintiff filed an Amended

Complaint.[1]  In the Amended Complaint, Plaintiff repeats each

fact alleged in the Complaint and insists that he now states a

claim for relief.  (Docket Entry #6 at pp. 8-12.)

4.  Because Plaintiff does not assert facts plausibly

supporting an inference that the BOP intentionally or

deliberately overpaid him so that it could fire him on that

---

[1] Contrary to this Court's directive, Plaintiff did not file
a motion seeking to amend the Complaint.

basis, Plaintiff's Amended Complaint does not comply with this Court's Opinion and Order and does not state a claim for relief. This Court will accordingly dismiss the Amended Complaint.

5. This Court will also construe Plaintiff's submission of an Amended Complaint as a motion for reconsideration of the Order dismissing the Complaint without leave to amend, pursuant to Local Rule 7.1(i). Relief under Local Civil Rule 7.1(i) may be granted: (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F. 3d 1194, 1218 (3d Cir. 1995); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

6. Reconsideration is not warranted to correct manifest errors of law or fact, to present newly discovered evidence, or as a result of an intervening change in law. Because mere disagreement with this Court's decision is inappropriate on a motion for reconsideration, this Court will deny reconsideration. See Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp, 996 F. Supp. 409, 442 (D.N.J. 1998) (citing Bermindham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994)).

7.   An appropriate Order accompanies this Opinion.


                              s/Renée Marie Bumb
                              **RENÉE MARIE BUMB**
                              **United States District Judge**

Dated: May 25, 2010